IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)

3:17-cv-413-GNS

THOMAS C. LINER                                                        PLAINTIFF
1400 Cherokee Road
Louisville, Kentucky 40204


v.


TRANS UNION, LLC                                                       DEFENDANT
555 W. Adams Street
Chicago, Illinois 60661


> SERVE:   The Prentice Hall Corporation System
>          421 W. Main Street
>          Frankfort, Kentucky 40601
>          (BY CERTIFIED MAIL)


** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Thomas C. Liner, and for his Verified Complaint against the Defendant, Trans Union, LLC ("Trans Union"), states as follows:

### I. PRELIMINARY STATEMENT

1.     This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's false reporting of and Defendant's failure to investigate Plaintiff's dispute regarding an alleged past due student loan account.

## II. PARTIES

2.     Plaintiff, Thomas C. Liner, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1400 Cherokee Road, Louisville, Kentucky 40204.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, Trans Union, is a is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 W. Adams Street, Chicago, Illinois 60661.

5.     Trans Union is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

7.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendant doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

8.     In or around March 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Trans Union credit report and discovered a tradeline furnished by the U.S. Dept. of Education / Nelnet which falsely lists alleged late student loan payments.

9.     Immediately upon his discovery of the derogatory tradeline, Plaintiffs filed a dispute with Trans Union requesting investigation and deletion of the alleged late payments.

10. Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified the Dept. of Education / Nelnet of the dispute at or within five (5) days of Trans Union receiving notice of the dispute from Plaintiff.

11. In or around April 2017, Trans Union verified the accuracy of the subject tradeline.

12. Trans Union's false reporting and its failure to investigate Plaintiff's dispute have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Trans Union's failure to properly investigate Plaintiff's dispute.

## V. CLAIMS

### Negligence

13. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. Trans Union's failure to properly investigate Plaintiff's dispute and its consequent failure to remove or amend the subject tradeline from Plaintiffs' Trans Union credit report, despite Plaintiff's lawful notice to Trans Union disputing the tradeline, was negligent.

15. In failing to properly investigate Plaintiff's dispute, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

16. Trans Union's negligent failure to properly investigate Plaintiff's dispute and its consequent failure to remove or amend the subject tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

17. Trans Union's failure to properly investigate Plaintiff's dispute and its consequent failure to remove or amend the subject tradeline, despite Plaintiffs' lawful dispute to Trans Union,

was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation

18.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others that Plaintiff have has late payments on the subject student loan account. In publishing such statements, Trans Union acted with conscious disregard for the rights of the Plaintiff.

20.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged late payments amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act

21.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22.     Trans Union's failure to properly investigate the disputed item and its consequent failure to remove or amend the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23.     Trans Union's failure to properly investigate the disputed item and its consequent failure to remove or amend the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's

actual damages, for statutory damages, and for Plaintiff's attorney's fees.

## Willful Violation of the Fair Credit Reporting Act

25.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26.     Trans Union's failure to properly investigate the disputed item and its consequent failure to remove or amend the disputed item are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

27.     Trans Union's failure to properly investigate the disputed item and its consequent failure to remove or amend the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

28.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Thomas C. Liner, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY  40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Thomas C. Liner, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Thomas C. Liner

COMMONWEALTH OF KENTUCKY      )
                                       ) SS

COUNTY OF JEFFERSON                 )

Subscribed, sworn to and acknowledged before me by Thomas C. Liner, this 11 day of _July_, 2017.

_____
Notary Public

Commission expires:_____

Notary Public, State at Large, KY
My commission expires Feb. 1, 2020

7